FORMER EMPLOYEES OF SOUTHERN TRIANGLE OIL CO., PLAINTIFF *v*.
U.S. SECRETARY OF LABOR, DEFENDANT

Court No. 89-03-00158

(Decided April 5, 1991)

*Charles Pierson, pro se* on behalf of plaintiffs.

*Stuart M. Gerson*, Assistant Attorney General; *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, U. S. Department of Justice (*Vanessa P. Sciarra*) for the defendant.

MUSGRAVE, *Judge*: In a memorandum order of February 11, 1991 this Court remanded this action to the Department of Labor ("the Department") pursuant to the directions of the Court of Appeals for the Federal Circuit in *Former Employees of Southern Triangle Oil Co. v. United States*, No. 90-1351 (January 22, 1991). Almost a year before, on February 14, 1990, this Court had remanded the case to the Department because of the Court's finding that the Department had erroneously promulgated the worker adjustment assistance program at issue in this action, covering certain former employees of the Southern Triangle Oil Company, so as to exclude from participation in that program Mr. Charles Pierson, also a former employee of that company and the petitioner herein. The Department was ordered to revise its determination in accordance with the Court's opinion to make clear to the Illinois state administering agency that a 1988 statute requiring retroactive provision of worker adjustment assistance for qualifying workers in certain industries applied to plaintiffs in this action, including Mr. Pierson. *Former Employees of Southern Triangle Oil Co. v. United States*, 14 CIT 100, 731 F. Supp. 517. The Department complied under protest and thereafter filed an appeal with the Court of Appeals for the Federal Circuit.

In its opinion referred to above, the Federal Circuit determined that a necessary finding had not been made on the question whether plaintiffs would have been certified but for the enactment of the 1988 statute. Accordingly, that court ordered that this matter be remanded to the Department once again with instructions that the Department make "an explicit determination" on that question. Slip Op. at 3. The case was so remanded and the Department filed the results of its remand determination on March 6. On remand the Department made the following determination:

> All workers of Southern Triangle Oil Company, Mt. Carmel, Illinois and operating at various other locations in the states listed below who became totally or partially separated from employment on or after October 1, 1985 and before November 15, 1987 are eligible to apply for adjustment assistance under Section 223 of the Trade Act of 1974.

> TA-W-22,071A ILLINOIS     TA-22, 071C OHIO
> TA-W-22,071B INDIANA     TA-W-22,071D WEST VIRGINIA

Revised determination at p. 3.

> The "explicit determination" ordered by the Federal Circuit was, whether workers separated from [employment with] Southern Triangle between October 1, 1985 and November 15, 1987 would have been certified as qualified for assistance under the Department's interpretation and application of the law, including its so called "25% rule," prior to the amendments made by the 1988 Act.

Slip Op. at 3. Such a determination is not explicitly stated in the excerpt reproduced earlier or any other part of the Department's revised determination. One solution to the Department's failure to make the explicit determination would be to remand this matter to the Department again, the third time, for such a determination. Given the extreme and unfortunate delay that the plaintiffs have already endured as a result of the Department's conduct of this case,[1] however, the Court should not return this matter to the administrative quagmire once again if that measure can be avoided; and the Court believes it can.

From the excerpt quoted above and other statements in the Department's remand determination, it can be inferred that the Department determined that the persons separated from employment with Southern Triangle at the locations and during the time periods stated would not "have been certified as qualified for assistance under the Department's interpretation and application of the law" prior to the 1988 amendments. It is a condition of the 1988 amendments that to qualify for assistance under the amendments' retroactivity provisions, a person must show that he would have been deemed ineligible for such assistance but for the amendments. Because the Department simply states that the listed groups of employees — which include Mr. Pierson and the other former employees involved in the present action — are eligible for adjustment assistance, that statement implies a Department finding that the "but-for" test (or more precisely in this case, the "not-but-for" test) described above, a necessary element of that eligibility, was met here. Also supporting this implication are the Department's statements that the workers here involved

> have a timely petition which falls within the purview of the retroactive provisions of the Trade Act of 1974, as amended

and

> that the workers met the Group Eligibility Requirements of the Trade Act contained in Section 222 and that this revised certification supersedes the one issued by the Department on April 13, 1990 * * *.

Revised determination at p. 2.

Whether because of this necessary implication of the Department's determination or because any further proceedings at the agency level would, given its re-certification, be moot, it is neither necessary nor de-

---

[1] See 14 CIT at 108, 731 F. Supp. at 523.

sirable to again return this matter to the Department. The Department has explicitly recognized that Mr. Pierson and the other former Southern Triangle employees identified in the re-certification are eligible to participate in the worker adjustment assistance program for former employees of that company. The Court deems this an explicit determination by the Department, as ordered by the Court of Appeals, that workers separated from employment with Southern Triangle between October 1, 1985 and November 15, 1987 would not have been certified as qualified for assistance under the Department's interpretation and application of the law, including its so-called "25% rule", prior to the amendments made by the 1988 Act. For better or worse, whether or not that program will in fact be of any assistance to those persons at this late date, the Court hereby accepts the Department's re-certification of March 6, 1991 and orders that it be published in the Federal Register immediately.